UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

    Plaintiff,

        v.                         CAUSE NO. 3:20-CV-380-JD-MGG

POINTER, et al.,

    Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Jordan alleges that, at some point in January of 2019, he asked to be moved to another location for his protection. As a result of his request, he was placed in segregation. The new cell had a broken toilet and no toilet paper. He told

Deputy Harley[1] about the broken toilet and lack of toilet paper, so she moved him to another cell, but that cell did not have toilet paper either. She said they would bring him some on the next walk through. On the next walk through, however, Jordan did not receive toilet paper.

Jordan then pressed the emergency button and told Deputy Bortiz about his need for toilet paper. He was told that, if he kept pushing the emergency button, he would not get any tissue. Jordan then pounded on the cell door in hopes of getting the attention of someone that would get him toilet paper. Corporal Dionna, Deputy Hurley, Deputy Williams and Sergeant Holt[2] arrived with an Emergency Restraining Chair (ERC). Jordan told Sgt. Holt that he had no tissue and that Deputy Bortiz said he would not be giving him any. Sgt. Holt responded by threatening to spray him with mace. Jordan cooperated and was placed in the ERC around 7:30 p.m. or 8:30 p.m.

When the third shift arrived around 10:00 p.m., Sergeant Cecil and Corporal Hultz[3] checked his circulation. During cell cleaning and recreation, he was wheeled over to the day room. Sergeant Cecil and Corporal Hultz checked on him again, but then left him in the dayroom without checking on him for hours.

After more than six hours in the ERC, Jordan needed to use the bathroom. He told Deputy Wilke and Deputy Domer. He was ignored, so after a half hour, he started

---

[1] Deputy Harley is not a defendant in this action.

[2] Corporal Dionna, Deputy Hurley, Deputy Williams, and Sgt. Holt are not defendants in this action.

[3] Sergeant Cecil and Corporal Hultz are not defendants in this action.

2

screaming "bathroom." Other inmates used their emergency buttons to alert staff to Jordan's needs. Deputy Pointer and Deputy Albenese then wheeled Jordan to a different dayroom and ignored him again. Deputy Wilke and Deputy Domer came and asked what he wanted, even though they knew. Deputy Wilke then laughed at Jordan. Deputy Pointer and Deputy Albanese then chained the chair to the table. Deputy Pointer told Jordan that he is not using the bathroom and he could "piss in [his] pants lil [sic] boy." ECF 1 at 4. Jordan ultimately urinated on himself and remained in the chair with urine on his clothes until first shift arrived at 7 a.m. Deputy Hahn then permitted Jordan to take a shower and provided him with a new uniform, towel, and soap. He has sued Deputy Bortiz for refusing to provide him with toilet paper, and, Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke for refusing to allow him to get out of the ERC, ultimately causing him to urinate on himself.

Because Jordan was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, Jordan alleges that, after already spending more

3

than six hours in the ERC, Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke left him in the ERC for hours longer when he was not resisting and without providing adequate monitoring. Giving Jordan the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke.

A pretrial detainee states a conditions-of-confinement claim under the Fourteenth Amendment if he was subjected to conditions that were "objectively unreasonable" and "excessive in relation to any legitimate non-punitive purpose." *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (citation and internal quotation marks omitted). Deputy Bortiz's refusal to provide Jordan with toilet paper for a brief time does not rise to the level of a Constitutional violation. However, the decision of Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke to deny him access to a bathroom after many hours is more serious. Giving him the inferences to which he is entitled at this stage, he has alleged a plausible conditions-of-confinement claim against Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke.

For these reasons, the court:

(1) GRANTS Victor Lee Jordan leave to proceed against Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke in their individual capacities for monetary damages for subjecting Jordan to an unconstitutional use of force in January 2019, in violation of the Eighth Amendment;

4

(2) GRANTS Victor Lee Jordan leave to proceed against Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke in their individual capacities for monetary damages for subjecting Jordan to unconstitutional conditions of confinement in January 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Deputy Bortiz;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke at the LaPorte County Sheriff's Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the LaPorte County Sheriff to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if he has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Pointer, Deputy Albanease, Deputy Domer, and Deputy Wilke respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 17, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT